IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-3511

HAEDOUG LLC a/k/a DOUGLAS GONZALEZ

    Plaintiff,

v.

PACCAR INC

    Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant PACCAR Inc, including its Kenworth Truck Company division ("PACCAR"), hereby removes this action from the District Court of Arapahoe County, Colorado, to the United States District Court for the District of Colorado. In support of this Notice of Removal, PACCAR states as follows:

### I.    PROCEDURAL BACKGROUND

1. On October 30, 2020, Plaintiff Haedoug LLC a/k/a Douglas Gonzales ("Plaintiff") filed a Complaint and Jury Demand (the "Complaint") in the District Court for the County of Arapahoe, Colorado in the case captioned *Haedoug LLC a/k/a Douglas Gonzales v. Kenworth Truck Company, a division of PACCAR Inc*, Case No. 2020CV32116. In accordance with 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1, a copy of the Complaint and all process, pleadings, and orders are attached hereto as Exhibit A.

2. PACCAR was served with the Complaint on November 5, 2020. PACCAR is the only Defendant.

3.      In the Complaint, Plaintiff asserts claims for breach of express warranty, breach of the Magnuson-Moss Warranty Act, and breach of implied warranty against PACCAR, arising out of Plaintiff's purchase of a 2019 Kenworth T680 tractor (the "Subject Tractor") on March 26, 2019. *See* Complaint, ¶ 4.

4.      Plaintiff asserts that, as a result of defects in the Subject Tractor, it did not conform to the applicable warranties, leading to various economic damages. *Id.* at ¶¶ 8-11, 14.

## II.   BASIS OF REMOVAL

5.      PACCAR removes this case under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the alleged amount in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between the parties.

**A. The Claimed Amount in Controversy Satisfies the Jurisdictional Minimum under 28 U.S.C. § 1332(a).**

6.      This Court has held that the "amount in controversy" is measured by the value of the object of the litigation, and that such "value" can be either what the plaintiff seeks to recover monetarily, or what the cost would be to the defendant if the plaintiff in fact recovers. *Baker v. Sears Holdings Corp.*, 557 F.Supp.2d 1208, 1212 (D. Colo. 2007).

7.      Here, Plaintiff seeks various categories of damages, including revocation of acceptance, rescission of the purchase agreement, and "all consequential damages, incidental damages, loss of use damages, cost to repair damages, diminution of value, … and attorney fees…." Complaint, ¶¶ 14, 22, 33, 39. While Plaintiff does not allege specific sums for its claimed damages, it does pray for "a refund of the purchase price of [the] Subject [Tractor]" and attaches the invoice for the purchase of the Subject Tractor as "Exhibit A" to the Complaint. *Id.*, p. 10 (Prayer for Relief). The total price of the Subject Tractor as reflected in the invoice is $135,388.22.

*See id*. at Ex. A.

8.  Therefore, because the alleged damages in this case well exceed $75,000 based on the purchase price alone and before adding the additional categories of alleged damages to that amount, the amount in controversy easily satisfies the jurisdictional minimum under 28 U.S.C. § 1332.

**B. Complete Diversity of Citizenship Exists Between the Parties.**

9.  Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of the filing of the complaint. *See* 28 U.S.C. §§ 1332 and 1441.

10. The only parties to this case are Plaintiff and PACCAR.

11. Plaintiff is a limited liability company. *See* Complaint, ¶ 1. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Restore Life USA, Inc. v. LifeNews.com*, No. 18-CV-02472-MEH, 2018 WL 11189665, at *1 (D. Colo. Oct. 1, 2018). Here, Plaintiff has a single member, Douglas Gonzales, a natural person. *See id*. (Plaintiff states that it is *also known as* Douglas Gonzales); *see also* Exhibit B, Periodic Report of Haedoug LLC (Douglas Gonzales filed all documents with the Secretary of State and is the Registered Agent for Plaintiff). Mr. Gonzales is domiciled in Joplin, Missouri. Therefore, Plaintiff is a citizen of Missouri for the purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

12. Defendant PACCAR is and was, at the time the state court action commenced, a Delaware corporation with its principal place of business in Washington. *See* Exhibit C, Affidavit of Shawn Miller. Accordingly, PACCAR is a citizen of Delaware and Washington for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

13. Because Plaintiff is a citizen of Missouri and PACCAR is citizen of Delaware and Washington, there is complete diversity of citizenship between Plaintiff and PACCAR.

### III.  COMPLIANCE WITH REMOVAL STATUTES

A.  **Proper Venue.**

14.   The United States District Court for the District of Colorado is a single judicial district that encompasses the County of Arapahoe, the county in which Plaintiff alleges the "transactions and occurrences involved in this action took place…." *See* Complaint, ¶ 3. Arapahoe County is also the county in which Plaintiff filed the state court action. Therefore, this case is properly removed to this Court under 28 U.S.C. §§ 85, 1441(a).

B.  **Timeliness of Removal.**

15.   PACCAR was served with a copy of the Complaint on November 5, 2020. Because this Notice of Removal was filed within 30 days after service of the Complaint on PACCAR, this removal is timely under 28 U.S.C. § 1446(b). No previous application has been made for the removal of this case to federal court.

C.  **Notice.**

16.   Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to Plaintiff, and a copy of this Notice of Removal is being filed with the Clerk for the District Court of Arapahoe County, Colorado.

### IV.  CONCLUSION AND PRAYER

17.   As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Accordingly, PACCAR respectfully requests that this lawsuit be removed to the United States District Court for the District of Colorado.

Dated: November 27, 2020

Respectfully submitted,

/s/ *David H. Estes*
**DAVID H. ESTES**
**Admitted to District of Colorado**
Texas State Bar No. 24012599
destes@hartlinebarger.com
**DREW M. THOMAS**
**Admitted to District of Colorado**
Texas State Bar No. 24086841
dthomas@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
Ph: (214) 369-2100
Fx: (214) 369-2118

**ATTORNEYS FOR DEFENDANT
PACCAR INC INCLUDING ITS KENWORTH
TRUCK COMPANY DIVISION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this 27th day of November 2020.

/s/ *Drew M. Thomas*
**DREW M. THOMAS**